# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAYLA WRIGHT and AMBER CALLAHAN, | : | Civil No. 1:13-CV-804 |
| Plaintiffs | : | |
| v. | : | (Chief Judge Conner) |
| NANETTE THOMAS, et al., | : | (Magistrate Judge Carlson) |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.    Introduction**

This case, which comes before the Court on a motion to remand this action to the Court of Common Pleas of Huntingdon County, illustrates some of the procedural shoals which must be navigated by litigants when engaging in federal removal practice, the removal of state lawsuits to federal court.  Our legal system is one that is marked by overlapping jurisdiction between state and federal courts, with both court systems exercising concurrent authority over a wide array of cases and controversies.  Recognizing this fundamental truth regarding the architecture of our court system, and acknowledging that some matters commenced in state court may be better suited for resolution in federal court, Congress has by statute prescribed procedures for the removal of cases from state court into a federal legal forum.  See 28 U.S.C. §1446.  However, while Congress has provided a path for removal of cases

from state courts, it has done so in a fashion which acknowledges that untrammeled removal of matters would be inconsistent with the considerations of comity that guide our dual court system, and could be potentially disruptive of judicial economy. Therefore, by enacting 28 U.S.C. §1446, Congress has prescribed both substantive requirements for removal and set time lines and procedures for the exercise of removal jurisdiction, procedures which command parties to make prompt and timely removal decisions.

In some instances, like this case, those procedures and time lines can create a challenge for counsel. First, counsel must ensure that removal is proper, and may not prematurely seek to remove a case to federal court prior to ensuring that the opposing party has stated a claim that is cognizable in federal court. Therefore, counsel are enjoined that they may not act too hastily in filing a notice of removal. At the same time the removal statute requires counsel to move promptly when removing an action, and instructs counsel that: "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such [removal] action or proceeding is based." 28 U.S.C. §1446. Therefore, counsel are also forbidden from delaying too long in seeking removal of a lawsuit

from state court into a federal forum after the nature of the federal claim becomes apparent.

Thus, in practice, litigants must often endeavor to steer a course between the Scylla of § 1446's prohibition against the filing of premature removal notices and the Charybdis of §1446's time limits for removal. In this case, the motion to remand filed by the plaintiffs calls upon us to assess whether defendants have properly navigated these legal shoals. Finding that the defendants have steered a true legal course in this matter, for the reasons set forth below we recommend that the motion to remand be denied.

## II. Statement of Facts and of the Case

This case arises out of a school field trip gone awry. According to the plaintiffs' original complaint, in May 2012, the plaintiffs were students at the Huntingdon Area School District who participated in a school sponsored field trip the Busch Gardens, in Williamsburg, Virginia. (Doc. 1-1) At this amusement park the plaintiffs were in the company of another student, CB, who was detained by park security on suspicion of shoplifting. The complaint alleges that the plaintiffs were not involved in any shoplifting, but were briefly detained along with their classmate, and were questioned regarding whether they had assisted in the shoplifting. (Id.) The plaintiffs, and CB, were then banned from the park by park officials for one year.

The complaint further alleges that defendant Thomas, a teacher at the school who was participating as a chaperone on the trip, wrongfully concluded that the plaintiffs had engaged in misconduct, and also banned them from further participation in this school activity, causing the plaintiffs embarrassment and financial expense when their parents had to travel to Virginia to retrieve them. (Id.) According to the plaintiffs, defendant Thomas then defamed them to other students on the field trip by falsely stating that they had been arrested for shoplifting. The plaintiffs further allege that these defamatory statements were then repeated in an August letter written by defendant Kline, the school superintendent, to the plaintiff's attorney in August 2012, and broadcast to others. According to the plaintiffs, these defamatory statement also violated the students' right to privacy of their school records.

The plaintiffs' initial state complaint, (Doc. 1-1), was a somewhat opaque document. The complaint named defendants Thomas, and Kline, along with the Huntingdon Area School District[1] as defendants, and made the factual averments described above regarding this field trip. In addition, the initial complaint appeared to articulate state tort claims in the nature of defamation and infliction of emotional distress. However, the initial complaint was entirely unclear regarding whether any

---

[1]The plaintiffs subsequently deleted the school district as a defendant in their amended complaint. (Doc. 1-3)

other, federal claims were being made by the plaintiffs. Instead, the complaint simply made passing references to federal statutes governing student privacy, and alleged defamation without due process in the course of its defamation allegations, but did not further articulate a federal claim or cause of action.[2]

Presented with this complaint, the defendants initially filed preliminary objections to the complaint in state court which, *inter alia*, noted their confusion regarding whether the plaintiffs were advancing any federal civil rights claims. (Doc. 1-2) In response to these objections, on March 8, 2013, the plaintiffs filed an amended complaint which restated these factual averments and, for the first time, clearly stated a separate federal civil rights claim, an alleged violation of 42 U.S.C. §1983. (Doc. 1-3) The defendants then filed a notice of removal twenty days later, on March 28, 2013, removing this action to federal court. (Doc. 1)

On these facts, the plaintiffs have now moved to remand this action to state court, arguing that the defendants' removal notice was untimely. (Doc. 6) The plaintiff's motion, acknowledges that the notice of removal was timely filed after the plaintiffs submitted their amended complaint which directly alleged a federal civil

---

[2]Specifically, the state defamation allegations in the initial complaint merely contained a passing citation to 20 U.S.C.§1232h, alleged that the investigation into this shop lifting denied the plaintiffs due process, and stated that students have a right to privacy under various state and federal laws and regulations (Doc. 1-1).

rights violation. Nonetheless, the plaintiffs contend that, since the nature of these federal claims could have been discerned from the passing references to federal law and due process in their original complaint, the defendants should have been on notice of their obligation to remove at the time of this initial filing, and their notice of removal should be deemed untimely.

This motion to remand has been fully briefed by the parties, and is now ripe for resolution. (Docs.11 and 17)  For the reasons set forth below, it is recommended that the motion be denied.

### III. <u>Discussion</u>

Removal of cases is governed 28 U.S.C. §1146, which provides as follows:

> **(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b).

Thus, §1446 commands parties seeking removal to comply with two mandates: First, these parties are forbidden from filing notice of removal prematurely prior to the time when grounds for removal are apparent. However, at the same time parties are required to file a notice of removal in a prompt and timely fashion, and must seek removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id.

It is well settled that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985)), cert. dismissed sub nom. American Standard v. Steel Valley Auth., 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988)." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). However, when construing §1446 in the context of state court litigation like this lawsuit, where an ambiguous complaint has been amended, certain other controlling principles have emerged. At the outset, it is clear that "[t]he transformation of a state court case from non-removable to removable– so as to begin a new 30-day period as

provided for in Section 1446(b)– may occur in a number of ways. The plaintiff may amend the initial pleading to include a claim for relief that falls within the subject-matter jurisdiction of the federal courts, such as a federal question claim." 14C Fed. Prac. & Proc. Juris. § 3731 (4th ed 2013). In assessing the timeliness of a particular removal notice relating to an amended complaint, " [t]he statute specifies that the supplementary 30-day period for filing a notice of removal, set out in the second paragraph of Section 1446(b), is available only when 'it may be first ascertained that the case is one which is or has become removable.' " 14C Fed. Prac. & Proc. Juris. § 3731 (4th ed. 2013). Applying this standard, courts have found removal notices to be timely when a "pleading amendment provides a new basis for removal or changes the character of the litigation so as to make it substantially a new suit." 14C Fed. Prac. & Proc. Juris. § 3731 (4th ed. 2013). Thus, when an amended complaint for the first time clearly articulates a federal cause of action, the time for removal will run from the date of the filing of that amended complaint. See, e.g., Maheshwari v. University of Texas-Pan American, 460 F. Supp. 2d 808 (S.D. Tex. 2006) (upholding removal of race and disability discrimination suit where defendant university filed removal notice within 30 days of receiving plaintiff-employee's response to an interrogatory stating that he relied on federal Title VII of the Civil Rights Act of 1964 and the federal ADA in support of his claims, holding that the earlier-filed amended

complaint did not affirmatively state a cause of action under federal law that triggered the period to remove because it appeared to refer to federal law only to show plaintiff's exhaustion of administrative remedies); Hurt v. Del Papa Distrib. Co., L.P., 425 F. Supp. 2d 853, 855 (S.D. Tex. 2004); Ortiz v. Brownsville Independent School Dist., 257 F. Supp. 2d 885 (S.D. Tex. 2003) (upholding removal, finding that defendant filed for removal within the required 30-day period, which started to run when plaintiff filed amended complaint that included a 42 U.S.C.§ 1983 claim; earlier disclosure, found to indicate only a vague intention possibly to pursue a federal claim, did not trigger the time to remove, where plaintiffs' original complaint contained language specifically excluding any federal cause of action); Bezy v. Floyd County Plan Com'n, 199 F.R.D. 308 (S.D. Ind. 2001) (action became removable when plaintiff added claim for monetary relief under 35 U.S.C § 1983); Highland Hills Hosp. v. State, Dept. of Health and Hosps., 926 F. Supp. 83 (M.D. La. 1996) (30-day time period began when plaintiff amended state court petition to add federal claims under Boren Amendment).

Furthermore, when evaluating a pleading under §1446(b), the judgment regarding "[w]hether the claim arises under 'federal law' for removal purposes is determined by the applying 'well pleaded complaint rule' which determines original federal jurisdiction." Wuerl v. Int'l Life Sci. Church, 758 F. Supp. 1084, 1086 (W.D.

Pa. 1991). Under this "well pleaded complaint" standard, "[i]t is not enough for removal purposes that a federal question may arise during the course of the litigation in connection with some defense or counterclaim: 'For better or worse ... a defendant may not remove a case to Federal Court unless the plaintiff's complaint establishes that the case arises under federal law.' " Id. at 1086. "Moreover, removal cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not 'arise under' federal law, it is not removable on federal question grounds. Incidental federal issues are not enough." Id.

There is a certain sense to allowing the removal time line to be set by the allegations set forth in the plaintiff's well-pleaded complaint. Indeed, "[t]he 'well-pleaded complaint rule' makes the plaintiff the master of the claim for purposes of removal jurisdiction. This means that 'absent diversity, a case is removable only where a federal question is presented on the face of the plaintiff's complaint.' The party who brings the suit is master to decide what law he will rely upon. Caterpillar, Inc., v. Williams (1987), 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318." Wuerl v. Int'l Life Sci. Church, 758 F. Supp. 1084, 1086 (W.D. Pa. 1991).

Here we find that the plaintiffs' initial state complaint merely made passing references to federal law in the context of what were otherwise state tort claims. We further conclude that the allegations set forth in the plaintiffs' first well-pleaded

complaint were fatally ambiguous with respect to whether the plaintiffs were actually asserting federal claims or simply making some contextual reference to federal law when describing their state tort claims. Since the plaintiffs, who submitted an initial, ambiguous complaint, were the master of their own claims for removal purposes, and later elected in response to the defendants' preliminary objections to file an amended complaint which clarified this ambiguity in favor of the assertion of a federal claim, it is the date upon which the plaintiffs made clear their intention to bring a claims arising under federal law–March 8, 2013–which in our view defines the commencement of the removal period in this action. Therefore, this notice of removal, which was filed 20 days after the assertion of this federal claim on March 8, 2013, was timely filed. [3]

## IV. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to remand (Doc. 6) be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

---

[3] Indeed, given the ambiguities in the plaintiff's initial complaint, we believe that if the defendants had attempted to remove that complaint without first obtaining a clarification of the basis for the plaintiffs' claims that attempted removal would have been improper and premature.

11

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of October 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge