# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAYLA WRIGHT** and **AMBER CALLAHAN**, : | **CIVIL ACTION NO. 1:13-CV-0804** |
| : | |
| : | **(Chief Judge Conner)** |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | |
| **NANETTE THOMAS**, *et al.*, : | |
| : | |
| **Defendants.** : | |

## **ORDER**

AND NOW, this 4th day of December, 2013, upon consideration of the reports (Docs. 21-22) of Chief Magistrate Judge Martin C. Carlson, recommending that the court deny plaintiffs' motion (Doc. 6) to remand the above-captioned action to state court for failure to timely remove, and grant defendants' motion (Doc. 3) to dismiss plaintiffs' federal and state law claims, and, following an independent review of the record, it appearing to the court that the magistrate judge appropriately concluded that the action was timely removed to this court following plaintiffs' amendment of their state court pleading to include an unambiguous federal claim, (see Doc. 21), and the court agreeing with the magistrate judge that plaintiffs' federal claims lack substantive merit and are barred by the doctrine of qualified immunity, (see Doc. 22), but the court observing that the interest of judicial economy would be best served by remanding plaintiffs' remaining state law claims to the Court of Common Pleas of Huntingdon County, Pennsylvania, rather than dismissing the same without prejudice, and the court observing that neither party has objected to the reports, and that there is no clear error on the face of the

record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of Magistrate Judge Carlson (Doc. 21) recommending that the court deny plaintiffs' motion (Doc. 6) to remand is ADOPTED in its entirety.

2. Plaintiffs' motion (Doc. 6) to remand the above-captioned matter to the Court of Common Pleas of Huntingdon County, Pennsylvania, is DENIED.

3. The report of Magistrate Judge Carlson (Doc. 22) recommending that the court dismiss plaintiffs' complaint (Doc. 1-3) is ADOPTED to the extent it recommends dismissal of plaintiffs' federal claims with prejudice. The court declines to adopt the portion of the report recommending dismissal without prejudice of plaintiffs' remaining state law claims.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

4. Defendants' motion (Doc. 3) to dismiss is granted to the extent it seeks dismissal of plaintiffs' federal claims and denied in all other respects.

5. Plaintiffs' federal due process and 42 U.S.C. § 1983 claims are DISMISSED with prejudice.

6. The above-captioned matter is REMANDED to the Court of Common Pleas of Huntingdon County, Pennsylvania, for resolution of the remaining state law claims.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania